UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABINO GENAO,

                          Plaintiff,

-against-

CITY OF NEW YORK; MDC CIB MASONI;
MDC CIB OFFICER EVERSON; OSIU
MOVEMENT AND CONTROL OFFICER JOHN
DOE; MDC DEPUTY ASSISTANT (ADW)
HARVEY; MDC CAPTAIN DILLARD; MDC
CORRECTIONAL OFFICER COLLYMORE;
EHO CAPTAIN (MDC) DUNCAN-CHANDLER;
MAINTENANCE SUPERVISOR MDC JOHN
DOE,

                          Defendants.

20-CV-10573 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

      Plaintiff, currently detained in the Manhattan Detention Complex (MDC), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated March 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

**A.    Waiver of Service for Defendants the City of New York, MDC CIB Masoni, MDC CIB Officer Everson, MDC Deputy Assistant (ADW) Harvey, MDC Captain Dillard, MDC Correctional Officer CollyMore, and EHO Captain (MDC) Duncan-Chandler**

      The Clerk of Court is directed to notify the New York City Department of Correction (DOC) and the New York City Law Department of this order. The Court requests that the City of New York, MDC CIB Masoni, MDC CIB Officer Everson, MDC Deputy Assistant (ADW)

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Harvey, MDC Captain Dillard, MDC Correctional Officer CollyMore, and EHO Captain (MDC) Duncan-Chandler waive service of summons.

**B.** **OSIU Movement and Control Officer John Doe and Maintenance Supervisor MDC John Doe**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify OSIU Movement and Control Officer John Doe and Maintenance Supervisor MDC John Doe. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the addresses where the Defendants may be served.[2] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

---

[2] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

C.      **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants the City of New York, MDC CIB Masoni, MDC CIB Officer Everson, MDC Deputy Assistant (ADW) Harvey, MDC Captain Dillard, MDC Correctional Officer CollyMore, and EHO Captain (MDC) Duncan-Chandler waive service of summons.

The Clerk of Court is directed to mail a copy of this order and the complaint to New York City Law Department at: 100 Church Street, New York, New York 10007.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 11, 2021
           New York, New York

_____
ALISON J. NATHAN
United States District Judge