UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GABINO GENAO,

                        Plaintiff,

        -against-

CITY OF NEW YORK, et al.,

                      Defendants.
------------------------------------------------------------x

No. 20-CV-10573 (AJN) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

*Pro se* Plaintiff is a pre-trial detainee at Rikers Island. He alleges that he was placed in a cell with mouse droppings and an oil leak in the ceiling, resulting in burning fumes, headaches, and dizziness. Plaintiff maintains that after making numerous complaints to prison staff about these cell conditions, Rikers personnel retaliated by purposely moving him to another cell next to a rival gang member. Plaintiff further alleges that Rikers personnel knew of gang affiliations in the facility, and that upon moving Plaintiff to the new cell, they ordered the cells to be opened and orchestrated a physical fight between Plaintiff and the rival gang member. Corrections officers allegedly then stopped the fighting by spraying chemical agents at both detainees, handcuffing Plaintiff, and leaving him in the housing area. He alleges that he was not taken for medical treatment until significant time had passed. Plaintiff then pursued claims[1]

---

[1] Defendants' agents, despite having full custodial control of Plaintiff's person, have repeatedly failed to timely produce him for phone conferences in front of the Court. Plaintiff alleges that Defendants' delays are further retaliation for his claim, and while the Court recognizes the efforts of defense counsel to make Plaintiff available for Court business, Defendants' agents' inability to promptly produce Plaintiff for Court conferences is of serious concern.

sounding in 42 U.S.C.A. § 1983, alleging that Defendants had failed to properly train and supervise officers.

On March 8, 2022, *pro se* Plaintiff submitted an application dated January 31, 2022, requesting appointment of counsel. (ECF 83). In determining whether to grant a request for counsel, the Court must consider

> the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel.

*Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam).  As a threshold matter, plaintiff must demonstrate that his claim has substance or a likelihood of success in order for the Court to grant plaintiff's request for counsel. If the claim meets this threshold requirement, the Court should then consider the remaining factors, paying particular attention to the *pro se* plaintiff's ability to investigate crucial facts and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

Plaintiff has alleged serious and substantive violations of 42 U.S.C.A. § 1983, claiming mistreatment and retaliation at the hands of correction officers. He is incarcerated, unable to afford counsel, and has limited ability to investigate the facts necessary for the prosecution of his claim. Accordingly, Plaintiff has met the criteria required for a request for counsel.

Having reviewed Plaintiff's application and given the proceedings to date, it is hereby **ORDERED** that Plaintiff's request for counsel is **GRANTED in part** for the limited purpose of assisting him in depositions in this case. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer

attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contract Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and in such circumstances, Plaintiff will have to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court takes no position at this time on the timing of Plaintiff's deposition in the event that Plaintiff secures counsel.

    IT IS FURTHER ORDERED that the Pro Se Office of this Court seek a limited appearance Pro Bono counsel for this Plaintiff.

    The Clerk of Court is respectfully directed to close ECF 72 and 83 and to serve a copy of this Order on the *pro se* Plaintiff.

**SO ORDERED.**

Dated:  March 23, 2022
        New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge