**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
GABINO GENAO,                                          :
                                                       :
                         Plaintiff,                    :        No. 20-CV-10573 (AJN) (OTW)
                                                       :
            -against-                                  :            **ORDER**
                                                       :
CITY OF NEW YORK, et al.,                              :
                                                       :
                         Defendants.                   :
                                                       :
                                                       :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

*Pro se* Plaintiff is a pre-trial detainee at Rikers Island. He alleges that he was placed in a

cell with mouse droppings and an oil leak in the ceiling, resulting in burning fumes, headaches,

and dizziness. Plaintiff maintains that after making numerous complaints to prison staff about

these cell conditions, Rikers personnel retaliated by purposely moving him to another cell next

to a rival gang member. Plaintiff further alleges that Rikers personnel knew of gang affiliations

in the facility, and that upon moving Plaintiff to the new cell, they ordered the cells to be

opened and orchestrated a physical fight between Plaintiff and the rival gang member.

Corrections officers allegedly then stopped the fighting by spraying chemical agents at both

detainees, handcuffing Plaintiff, and leaving him in the housing area. He alleges that he was not

taken for medical treatment until significant time had passed. Plaintiff then pursued claims

sounding in 42 U.S.C.A. § 1983, alleging that Defendants had failed to properly train and

supervise officers.

On March 8, 2022**,** *pro se* Plaintiff submitted an application dated January 31, 2022,

requesting appointment of counsel. (ECF 83). The Court granted that application, issuing an

order for the appointment of limited scope counsel on March 23, 2022. (ECF 86). Counsel from

Willkie Farr & Gallagher LLP, subsequently assisted Plaintiff with depositions as limited scope

*pro bono* counsel, and completed their representation on May 31, 2023. (ECF 157). Plaintiff,

who is now *pro se*, now again seeks an Order for the appointment of counsel for all purposes.

(ECF 160).

> In determining whether to grant a request for counsel, the Court must consider

> the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his
> efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to
> gather the facts and deal with the issues if unassisted by counsel.

*Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam).  As a threshold

matter, plaintiff must demonstrate that his claim has substance or a likelihood of success in

order for the Court to grant plaintiff's request for counsel. If the claim meets this threshold

requirement, the Court should then consider the remaining factors, paying particular attention

to the *pro se* plaintiff's ability to investigate crucial facts and any special reason why

appointment of counsel would be more likely to lead to a just determination. *See Hodge v.*

*Police Officers*, 802 F.2d 58 (2d Cir. 1986).

Plaintiff has alleged serious and substantive violations of 42 U.S.C.A. § 1983, claiming

mistreatment and retaliation at the hands of correction officers. He is incarcerated, unable to

afford counsel, and has limited ability to investigate the facts necessary for the prosecution of

his claim. Accordingly, Plaintiff has met the criteria required for a request for counsel.

Having reviewed Plaintiff's application and given the proceedings to date, it is hereby

**ORDERED** that Plaintiff's request for counsel for all purposes is **GRANTED**. The Court advises

Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on

volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contract Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and in such circumstances, Plaintiff will have to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

IT IS FURTHER ORDERED that the Pro Se Office of this Court seek an appearance of Pro Bono counsel for this Plaintiff.

The Clerk of Court is respectfully directed to close ECF 160 and to serve a copy of this Order on the *pro se* Plaintiff.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated:  June 15, 2023                                  **Ona T. Wang**
         New York, New York                    United States Magistrate Judge